**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| QIAN WILLIAMS, | : | Case No. 1:22-cv-613 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | Judge Susan J. Dlott |
| | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| DRUG ENFORCEMENT | : | |
| ADMINISTRATION, | : | |
| | : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATIONS**

Petitioner, a federal prisoner proceeding without the assistance of counsel, submitted a

petition for a writ of mandamus to this Court. (Doc. 1). On November 7, 2022, this Court

ordered him to either pay the filing fees for a civil action or submit an application to proceed *in*

*forma pauperis* and without prepayment of fees. (Doc. 3). The Court provided Petitioner a

blank copy of the appropriate application form that is used in this Court by prisoners.

Petitioner did not submit the appropriate application form. He instead filed an "Affidavit

or Declaration in Support of Motion for Leave to Proceed *In Forma Pauperis*" providing

different information. (Doc. 4). The Affidavit that Petitioner filed was not the appropriate form

for prisoners, but one intended for use by non-prisoners, and thus did not provide sufficient

information for this Court to determine what filing fees to assess.

On November 29, 2022, this Court again ordered Petitioner to complete and return the

"Application and Affidavit by Incarcerated Person to Proceed Without Prepayment of Fees" that

is used in this Court, or alternatively, to pay $402 ($350 filing fee plus $52 administrative fee)

within thirty days.  (Doc. 5).  The Court again provided Petitioner the appropriate form to return.

A third copy of the appropriate form was sent to Petitioner on December 13, 2022.

"District courts have the inherent power to sua sponte dismiss civil actions for want of

prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition

of cases."  *Link v. Wabash R.R.,* 370 U.S. 626, 630-31 (1962).  *See also Jourdan v. Jabe*, 951

F.2d 108, 109 (6th Cir. 1991).  Failure of a party to comply with a court order warrants

invocation of the Court's inherent power.  *See* Fed. R. Civ. P. 41(b).

In both of this Court's deficiency orders, Petitioner was specifically advised that if he

failed to comply, "the Court shall dismiss this case for want of prosecution."  (Doc. 3, PageID

22; Doc. 5, PageID 31).  Yet to date, Petitioner has neither paid the fees required to proceed with

this case nor filed the appropriate *in forma pauperis* application to proceed without prepayment

of the fee.[1]

As Petitioner has failed to comply with the Court's orders, the Undersigned

**RECOMMENDS** that the case be **DISMISSED** without prejudice for want of prosecution.[2]  *In*

---

[1] A prisoner granted leave to proceed *in forma pauperis* must still pay the entire $350 filing fee but will do so over time.  28 U.S.C. § 1915(b)(1) ("if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee."); 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5.").  A prisoner proceeding *in forma pauperis* will not be required to pay the Court's $52 administrative fee.  *See* Administrative Office of the U.S. Courts, *District Court Miscellaneous Fee Schedule*, United States Courts, No. 14 (issued in accordance with 28 U.S.C. § 1914), available at https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (accessed Jan. 17, 2023).

[2] The Undersigned takes judicial notice of the fact that, in a separate case, Petitioner did file the appropriate application to proceed *in forma pauperis*.  *See Qian Williams v. Drug Enforcement Administration*, Case No. 1:22-cv-696 (S.D. Ohio).  This Court denied his application, finding that he had sufficient funds available to pay the filing fees.  (*See* Doc. 8 in Case No. 1:22-cv-696).

This matter also appears to be moot.  Petitioner seeks here to compel Respondent to respond to a Freedom of Information Act appeal.  (*See* Doc. 1).  According to Case No. 1:22-cv-696, that appeal has since been resolved. (*See* Doc. 1, PageID 8 in Case No. 1:22-cv-696).

*re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).  The Undersigned further **RECOMMENDS** that the Court **DENY** Petitioner's pending motions herein as **MOOT**.

**<u>Notice Regarding Objections to this Report and Recommendations</u>**

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof.  Fed. R. Civ. P. 72(b).  All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections.  The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made.  Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

January 17, 2023

Karen L. Litkovitz
UNITED STATES MAGISTRATE JUDGE

3